UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN RENNER,

    Plaintiff,

v.                                                    Case No.: 8:25-cv-103-LSG

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER**

The plaintiff Karen Renner moves unopposed for an award of $7,907.77 in attorney's fees and $400.00 in costs as the prevailing party under the Equal Access of Justice Act (the "EAJA"), 28 U.S.C. § 2412(d). Doc. 22. Renner filed a complaint and opening brief seeking judicial review of the Commissioner's denial of her claim for Social Security Disability benefits. Docs. 1, 16. After Renner filed her opening brief in support of her argument, the Commissioner filed a motion for entry of judgment and for remand under sentence four of 42 U.S.C. § 405(g). Doc. 18. I reversed the Commissioner's final decision and remanded the case under 42 U.S.C. § 405(g) for further proceedings, and the Clerk entered a judgment in favor of Renner and against the Commissioner. Docs. 19, 20.

As the prevailing party, Renner moves timely,[1] unopposed for an award of attorney's fees and costs under EAJA. *See* 28 U.S.C. § 2414(d)(1)(A); *cf. Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party), *superseded by rule on other grounds*, FED. R. CIV. P. 58(c)(2)(B). In support of the requested attorney's fees, Renner submits a legal memorandum, an affidavit from her counsel attesting to the amount requested, and an itemized ledger of counsel's time spent on her case. Docs. 22 at 8; 22-1. The Commissioner does not oppose Renner's motion. Doc. 22 at 2, 22.

Accordingly, for the reasons stated by Renner, the unopposed motion for attorney's fees and costs under the EAJA, Doc. 22, is **GRANTED**. Renner shall receive $7,907.77 in attorney's fees in accord with the EAJA and $400.00 in costs. Unless the Department of Treasury determines that Renner owes a federal debt,[2] the defendant must pay the fees to Renner's counsel in accord with Renner's assignment of the fees. *See* Doc. 22.

---

[1] The plaintiff in a social security case has thirty days beyond the sixty-day appeal window to apply for fees and other expenses under the EAJA, for a total of ninety days after judgment. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); FED. R. APP. P. 4(a)(1)(B). Here, Renner timely filed her application for fees on July 16, 2025, Doc. 22, twenty days after judgment. *See* FED. R. CIV. P. 6(a)(1)(C).

[2] After an order awarding EAJA fees, the United States Department of the Treasury determines whether a plaintiff owes a debt to the government. If the plaintiff has such pre-existing debt, the Government may use the fee award to offset that debt. *See Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010) ("A § 2412(d)(1)(A) attorney's fees award is payable to the litigant and is therefore subject to an offset to satisfy the litigant's pre-existing debt to the Government.").

**ORDERED** on this 28th day of July, 2025.

                                                                                           */s/ Lindsay S. Griffin*
                                                                           LINDSAY S. GRIFFIN
                                                                           United States Magistrate Judge